RECEIVED
MAR - 4 2013
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

**FILED**

MAR 01 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br><br>AL McZEAL,<br><br>          Debtor.<br>_____<br>AL McZEAL,<br><br>          Appellant,<br>v.<br><br>GB INLAND PROPERTIES II, LLC,<br><br>          Appellee. | BAP No.   CC-12-1615<br><br>Bk. No.   LA 12-42329 SK<br><br><br><br><br><br><br><br>**ORDER**<br>(Response Required) |

Before:  KIRSCHER and DUNN, Bankruptcy Judges.

This appellate file has been reviewed.  The original notice of appeal was from an order granting relief from the automatic stay.  After the notice of appeal was filed, appellant filed a timely motion for relief under Fed. R. Civ. P. 60(b).  On January 4, 2013, appellant filed an amended notice of appeal, purporting to appeal two additional orders and the announced decision deeming the Rule 60(b) motion to be moot.

**SEPARATE APPEALS**

With few exceptions, a party can only appeal a single order with the filing of a notice of appeal.  See Fed. R. Bankr. P. 8001(a) and 8002(a).  Generally, a separate notice of appeal is

required for each order on appeal. The denial of a timely reconsideration motion is a permissible reason to file an amended notice of appeal.

However, an appeal from the order dismissing the bankruptcy case is a separate matter from the appeal from the order granting relief from stay. If appellant wishes to appeal the order dismissing the bankruptcy case, he must file a separate notice of appeal and pay a separate filing fee with the bankruptcy court within FOURTEEN (14) DAYS of the file-stamped date of this notice. Should the appellant file such a notice of appeal within the fourteen-day period, it will be deemed to have been filed on January 4, 2013, when the amended notice of appeal was filed.

**MOOTNESS**

This is an appeal from an order granting relief from the automatic stay. No stay pending appeal is in effect. An appeal may become moot when events "occur that make it impossible for the appellate court to fashion effective relief" or "to undo what has already been done." <u>Focus Media, Inc. v. Nat'l Broadcasting Co., Inc. (In re Focus Media, Inc.)</u>, 378 F.3d 916, 922-23 (9th Cir. 2004).

Accordingly, the parties are directed to notify the BAP in writing no later than **MARCH 15, 2013**, whether this appeal is moot.